ALVAREZ, DEMANDANTE Y APELANTE, v. QUILICHINI, DEMANDADO Y APELADO.

## APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa sobre cancelación de hipoteca.

### No. 1487.—Resuelto en junio 21, 1916.

COMPRAVENTA—PÚBLICA SUBASTA—DERECHO REAL—FALTA DE INSCRIPCIÓN.—La compra hecha en pública subasta de una finca no inscrita en el registro, está sujeta al riesgo de que el dueño la hubiera vendido o constituído sobre ella algún derecho real, pues la falta de inscripción en el registro no le impide verificar actos de enajenación que producen efecto entre las personas que los celebran y también respecto de terceros, cuando esos actos llegan a inscribirse en el registro.

ID.—HIPOTECA—FINCA NO INSCRITA—INSCRIPCIÓN ANTERIOR—ANOTACIÓN PREVENTIVA.—Cuando una escritura de hipoteca sobre finca no inscrita es otorgada con anterioridad a una de venta, ignore o no el comprador la constitución de aquel gravamen, produce efectos contra él si se verifica su inscripción antes de la de venta. No importa que al verificarse la inscripción de la hipoteca en el registro estuviera anotado preventivamente el título del comprador, si ya había caducado la anotación. Ni favorece al comprador el hecho de que dentro de los 120 días de la anotación preventiva fuera inscrita la finca a nombre del causante, porque esa inscripción no puede estimarse hecha en favor del comprador, y convirtiéndose en inscripción definitiva la anotación preventiva.

ANOTACIONES PREVENTIVAS—INSCRIPCIÓN DEFINITIVA—EFECTO DE LA ANOTACIÓN PREVENTIVA.—Transcurridos los 120 días señalados por la ley de 1 de marzo de 1902, sobre recursos contra resoluciones de los registradores de la propiedad, sin verificarse la inscripción definitiva, caduca la anotación preventiva, pero si se verifica la inscripción dentro de dicho término, ella surte efecto desde la fecha de la anotación con arreglo al artículo 70 de la Ley Hipotecaria.

ID. — DEFECTOS SUBSANABLES — ID. INSUBSANABLES — ANOTACIÓN PREVENTIVA.—Cuando se trata de una inscripción con defectos subsanables, éstos pueden corregirse sin fijación de tiempo, pero no sucede lo propio cuando se deniega la inscripción por defectos insubsanables y se toma anotación preventiva por 120 días, pues transcurridos éstos caduca la anotación.

ID.—CANCELACIÓN DE LA ANOTACIÓN—NULIDAD DE INSCRIPCIÓN.—Transcurridos los 120 días en que duran los efectos de una anotación preventiva, el registrador debe extender el correspondiente asiento de cancelación, pero la omisión de esa ritualidad relacionada con el mecanismo del registro no puede producir la nulidad de una inscripción posterior.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Feliú & Alemañy.*

Abogado del apelado: *Sr. Alfredo Arnaldo.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por el demandante Emilio Alvarez López contra sentencia que en 15 de febrero del corriente año 1916 dictó la Corte de Distrito de Mayagüez desestimando la demanda por el fundamento de que no aduce hechos suficientes para constituir una causa de acción.

Los hechos alegados en la demanda y que hemos de admitir como ciertos para apreciar la procedencia o improcedencia de la excepción que sirve de fundamento a la sentencia son los siguientes:

1. En pleito que instó y tramitó Emilio Alvarez López ante la Corte Municipal de San Germán contra José Ceferino Alvarez, embargó a éste para asegurar la efectividad de la sentencia una finca rústica de cuarenta cuerdas con casa habitación en el barrio de Rayo, municipio de Sabana Grande, y para la ejecución de la sentencia pronunciada en dicho juicio fué subastada en 26 de febrero de 1914 la finca embargada, adjudicándose al demandante, a cuyo favor fué otorgada por el márshal en la misma fecha la oportuna escritura ante el notario Joaquín Nazario de Figueroa.

2. No apareciendo inscrita la finca en el registro de la propiedad, y careciendo José Ceferino Alvarez de título de propiedad de la misma que fuera inscribible, Emilio Alvarez López hizo tomar, como se tomó en el registro de la propiedad de San Germán, una anotación de su título por término de 120 días, cuya anotación se hizo en marzo 12, 1914, habiendo permitido Emilio Alvarez López a José Ceferino Alvarez tramitara a nombre de éste un expediente posesorio en virtud del cual Ceferino Alvarez inscribió la finca a nombre propio en julio 1.º de 1914, inscribiéndola Emilio Alvarez López a su favor en 21 de septiembre del mismo año.

3. Al adquirir Emilio Alvarez López la finca de que se trata estaba libre de toda carga y gravamen según el registro e informes y creencias de Alvarez López, y allá por el 10 de

septiembre de 1914, el demandado en el presente caso, Vicente Quilichini y Ramírez, hizo también inscribir en el Registro de la Propiedad de San Germán cierta pretendida hipoteca aparentemente constituída por José Ceferino Alvarez a su favor por la suma de $648.22 a vencer en 13 de junio de 1914, constituída en igual día y mes de 1913 por escritura ante el notario de San Germán, Licenciado Miguel Juan Llaneras, sin que el demandante tuviera noticia ni informe ni conocimiento alguno de la existencia de semejante hipoteca.

4. Al inscribir Vicente Quilichini su dicha pretendida hipoteca en el registro de la propiedad tenía noticia y sabía y le constaba por la anotación en el registro de la escritura de venta hecha a favor de Emilio Alvarez López, por conocimiento personal, y por informes adquiridos que la finca era de la propiedad del demandante por haberla adquirido en las condiciones y circunstancias expresadas.

Alega además el demandante que el demandado Vicente Quilichini ha instituído ya ante la misma corte de Mayagüez el procedimiento ejecutivo sumario para el cobro de la hipoteca y que de no paralizarse la ejecución está expuesto a litigar necesariamente con el comprador en tal subasta, a sufrir daños inestimables e inherentes a una enajenación en tales circunstancias, y a perder también la suma de dinero que satisfizo por la finca, sin que tenga remedio alguno eficaz, adecuado, rápido y completo para evitar tales consecuencias, como no sea la concesión de un *injunction.*

La demanda concluye con la súplica de que se declare sin valor ni eficacia alguna en cuanto al demandante la hipoteca constituída por José Ceferino Alvarez a favor del demandado Quilichini por escritura de 13 de junio de 1913 inscrita en el Registro de la Propiedad de San Germán y se cancele la inscripción de dicha hipoteca, decretándose un *injunction* preliminar que prohiba al demandado por sí o por medio de otros ejecutar acto alguno para hacer efectiva la hipoteca, cuyo *injunction* se haga perpetuo por sentencia definitiva.

A la anterior demanda opuso el demandado la excepción previa de que no aduce hechos suficientes para determinar una causa de acción, y la corte dictó sentencia en 15 de febrero del corriente año 1916 declarando con lugar la excepción y desestimando en su consecuencia la demanda con sobreseimiento y archivo del caso y costas, gastos y honorarios de abogado a cargo del demandante, contra cuya sentencia interpuso la representación de Emilio Alvarez López recurso de apelación para ante esta Corte Suprema.

Funda la parte apelante su recurso en que la corte inferior cometió error al declarar con lugar la excepción previa del demandado y desestimar la demanda ordenando el sobreseimiento y archivo del caso y en que también erró al no conceder al demandante oportunidad para enmendar su demanda.

Alega la parte apelante para sostener el primer error que la hipoteca constituída por José Ceferino Alvarez a favor de Vicente Quilichini y Ramírez por escritura de 13 de junio de 1913 no puede tener eficacia legal en cuanto al demandante, por las siguientes razones: (*a*) porque cuando el demandante adquirió por escritura pública de 26 de febrero de 1914, la finca de que se trata, no estaba afecta, según el registro, a carga alguna, ni por tanto, a la hipoteca a favor de Vicente Quilichini, inscrita posteriormente; (*b*) porque al verificar Quilichini en el registro la inscripción de la hipoteca en 10 de septiembre de 1914, sabía por la anotación preventiva del título de propiedad del demandante verificada en marzo 12, 1914, y por conocimiento personal e informes adquiridos, que la finca era de la propiedad del demandante y la había adquirido sin carga alguna, no mereciendo Quilichini la consideración de tercero; (*c*) porque anotado a favor del demandante el título de compraventa y subsanado dentro de los ciento veinte días señalados por la ley, el defecto que originó la falta de inscripción, consistente en no estar inscrita la finca a favor del causante, cuando la anotación no había sido cancelada, quedó convertida en inscripción surtiendo sus efectos desde la fecha de la anotación, con arreglo al artículo

70 de la Ley Hipotecaria; (d) porque para que la inscripción de la hipoteca fuera válida era necesario que la anotación del título del demandante hubiera sido cancelada, lo que no se ha alegado en su demanda.

Ciertamente que cuando el demandante Emilio Alvarez López adquirió en 26 de febrero de 1914 la finca descrita en la demanda, no podía estar afecta a carga alguna, según el registro, ni por tanto, a la hipoteca de Vicente Quilichini, pues la finca no había sido inscrita; pero la compra hecha por Emilio Alvarez López en tales condiciones lo sometía al riesgo o contingencia de que José Ceferino Alvarez la hubiera vendido o constituído sobre ella algún derecho real, pues la falta de inscripción en el registro no impide al dueño verificar actos de enajenación que desde luego producirán efecto entre las personas que los celebren, y también respecto de terceros cuando esos actos se inscriban en el registro de la propiedad.

La escritura de hipoteca a favor de Quilichini fué otorgada en 13 de junio de 1913, antes que la de venta a favor de Emilio Alvarez López, e ignorara éste o no la constitución de aquel gravamen tenía que producir efectos contra él si se verificaba su inscripción antes de que se efectuara la de la venta de la finca a favor de Emilio Alvarez López sin carga alguna.

No importa que al verificar Quilichini la inscripción de su hipoteca en el registro de la propiedad supiera por la anotación preventiva del título de Emilio Alvarez López en el registro y por conocimiento personal que la finca era del demandante, pues también debía saber por la misma anotación que los efectos de ésta no habían de extenderse a más de los ciento veinte días señalados por la ley de 1.º de marzo de 1912 sobre recursos contra las resoluciones de los registradores de la propiedad.

Transcurrido·dicho término sin verificarse la inscripción definitiva caduca la anotación preventiva.

Al resolver el caso de *Antonsanti* v. *El Registrador de la Propiedad,* 9 D. P. R. 190, dijimos:

"Las anotaciones preventivas que deben tomar los registradores de la propiedad cuando deniegan la inscripción, o anotación de cualquier documento, por defectos insubsanables del mismo, con arreglo a la ley votada por la Asamblea Legislativa de esta isla de 1°. de marzo de 1902, sobre 'Recursos contra las resoluciones de los registradores de la propiedad,' no tienen otro objeto que garantizar el derecho de los interesados en la inscripción o anotación del documento, por el término de ciento veinte días que duran sus efectos, para que si dentro de dicho término pueden presentar un nuevo título o subsanar cualquier obstáculo que impidiera la inscripción del anterior, puedan inscribir su derecho, retrotrayendo los efectos de la inscripción a la fecha de la anotación preventiva."

Esa doctrina fué ratificada posteriormente en el caso de *Ramis et al.* v. *El Registrador de la Propiedad,* 18 D. P. R. 79.

Si el demandante Emilio Alvarez López hubiera verificado la inscripción de su título dentro de los ciento veinte días de que se deja hecho mérito, la anotación preventiva de su derecho no hubiera caducado y aquella inscripción surtiría sus efectos desde la fecha de dicha anotación con arreglo al artículo 70 de la Ley Hipotecaria. No procedió así y debe soportar las consecuencias legales de su tardío proceder. Y no favorece a Alvarez López el hecho de que dentro de los ciento veinte días desde la fecha de la anotación preventiva fuera inscrita la finca a favor de su causante José Ceferino Alvarez, pues en virtud de esa inscripción no podía estimarse hecha la inscripción de la misma a favor de Alvarez López, convirtiéndose así en inscripción definitiva la anotación preventiva. La inscripción de la finca a nombre de Alvarez López era necesaria y así lo entendió éste al verificar la inscripción a su favor después de inscrita a nombre del causante.

Teniendo como tenía Quilichini un derecho hipotecario, que no se alega esté viciado de nulidad, anterior al derecho de dominio adquirido por Alvarez López, no puede culparse a aquél de que tratara de lastimar con la inscripción los dere-

chos de Alvarez López, pues lo que se proponía evitar era que
sus propios derechos fueran lastimados por Alvarez López.
Ambos podían gestionar la prioridad de su inscripción en el
registro y el que la hizo antes, o sea Quilichini, debe obtener
el premio de su actividad. *Vigilantibus et non dormientibus
jura sunt concessa.*

Cuando se trata de una inscripción hecha con defectos
subsanables éstos pueden subsanarse sin fijación de tiempo,
pero no sucede lo propio cuando se deniega la inscripción por
defectos insubsanables, tomándose anotación preventiva por
ciento veinte días, pues transcurridos éstos caduca la ano-
tación, según hemos dicho antes.

Y no ha dejado de ser válida la inscripción de la hipoteca
de Quilichini por no aparecer que se haya cancelado la ano-
tación preventiva del derecho de dominio a favor de Emilio
Alvarez López, pues sostener lo contrario equivaldría a dejar
subsistentes los efectos de la anotación más allá del tiempo
fijado por la ley.

"Declarada por la ley," dicen los Sres. Galindo y Es-
cosura, "la caducidad (de la anotación) por el transcurso del
tiempo, no ha de estar subordinado el precepto del legislador
a que se extienda o no el oportuno asiento de cancelación en
el registro, ni de esta ritualidad puede depender que el dere-
cho ajeno subsista o no subsista; ni un asiento caducado que
carece de fuerza esencial, puede destruir derechos civiles de
un tercero."

Galindo, tomo 3, página 111.

El registrador debió extender asiento de cancelación de
la anotación preventiva transcurridos los ciento veinte días
que habían de durar sus efectos, pero la omisión de esa ri-
tualidad relacionada con el mecanismo del registro no puede
producir la nulidad de una incripción posterior  como la de
la hipoteca a favor de Quilichini.

En cuanto al segundo error alegado, carece de funda-
mento. La parte no muestra razones por las cuales deba con-
cedérsele permiso para enmendar la demanda ni expresa cuá-

les son las nuevas alegaciones en virtud de las cuales aquélla podría determinar causa de acción.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.