DÁVILA ET AL., RECURRENTES, v. EL REGISTRADOR DE HUMACAO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la propiedad de Humacao denegando la inscripción de una escritura de venta judicial.

No. 291.—Resuelto en enero 18, 1917.

ANOTACIÓN PREVENTIVA DE DEMANDA—OBJETO DE LAS ANOTACIONES—CANCELACIÓN DE INSCRIPCIONES POSTERIORES—CONVERSIÓN DE ANOTACIÓN PREVENTIVA EN INSCRIPCIÓN DEFINITIVA.—El objeto de la anotación preventiva de una demanda en el registro es el de avisar a terceras personas que adquieran después algún derecho en los bienes anotados, que lo perderán si el anotante obtiene éxito en la demanda que la originó, sin que sea de aplicación al caso el artículo 20 de la Ley Hipotecaria, que se refiere a las inscripciones en general, sino el artículo 71, que permitiendo la enajenación o gravamen de los bienes sin perjuicio del derecho de la persona a cuyo favor se haya hecho la anotación, dispone como consecuencia que si se hubiere inscrito será título hábil para que se cancele el testimonio de la sentencia firme favorable al anotante, declaración que tiene su desarrollo en el artículo 142 del Reglamento, al disponer la manera cómo la anotación preventiva ha de convertirse en inscripción al adquirir definitivamente el derecho anotado.

Los hechos están expresados en la opinión.

Abogado del recurrente: Sr. Arturo Aponte, Jr.

El registrador recurrido Sr. Raúl Benedicto, no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Victorino Barreiro Rodríguez inscribió a su nombre en el registro, la propiedad de cierta finca de 49.50 cuerdas que los recurrentes alegan que les pertenecía y que en realidad de verdad era de ellos, la que en poder de Barreiro Rodríguez sufrió ciertas transformaciones que no necesitamos referir.

Con el objeto de recobrar la posesión y dominio de la referida finca que entonces aparecía absolutamente a nombre del referido Barreiro Rodríguez, los recurrentes en este tribunal establecieron una acción en la Corte de Distrito de Humacao contra dicho Victorino Barreiro Rodríguez Soto. El caso fué más tarde trasladado a San Juan, pero no antes de que los recurrentes anotaron su demanda en el Registro de Humacao, en cuyo distrito radicaba la propiedad. Pos-

teriormente un acreedor de Barreiro obtuvo dos embargos
sucesivos contra él, cuyos embargos, que se practicaron por
el márshal, fueron anotados debidamente en el registro y
el susodicho acreedor obtuvo luego título por adjudicación
en pago de las dos porciones de 4 y de 29.50 cuerdas de la
finca y subsiguientemente las vendió a un tercero, inscribién-
dose debidamente las ventas con mención de la anotación de
*litis pendentia* en todas las inscripciones.  Los recurrentes
ganaron su acción en San Juan, obtuvieron la debida orden
en la que se disponía que Barreiro otorgara escritura de
traspaso a dichos demandantes y habiéndose negado a ello
obtuvieron éstos después escritura de traspaso de la totali-
dad de la finca, otorgada por el márshal de la Corte de Dis-
trito de Humacao que actuaba a nombre del márshal de la
Corte de Distrito de San Juan.  El registrador, sin embargo,
puso la siguiente nota:

"Inscrito este documento con vista de un testimonio de la sentencia
a que el mismo se refiere, pero solamente en cuanto a las diez y seis
cuerdas a que según el registro se halla hoy reducida la finca por
virtud de segregaciones sufridas, en el tomo 15 de Naguabo, al folio
107 vuelto, finca No. 560 duplicado, inscripción 7ª. con el defecto
subsanable de no decirse en qué proporción adquieren los compra-
dores; y denegada la inscripción en cuanto a las restantes treinta
y tres cuerdas cincuenta centavos de las segregaciones dichas porque
aparecen inscritas a favor de tercero, tomándose en su lugar la corres-
pondiente anotación por 120 días, de acuerdo con la ley, en el mismo
tomo, folio y finca citados, anotación letra B.  Humacao, P. R., julio
10 de 1916.  El registrador.  Raúl Benedicto."

Las segregaciones e inscripciones a que se refiere el re-
gistrador son aquellas hechas a favor del acreedor embar-
gante y por este vendidas.

El registrador solicitó una prórroga para presentar un
alegato que fué denegada debidamente.  El recurrente llama
la atención al artículo 71 de la Ley Hipotecaria que prescribe
lo siguiente:

"Artículo 71.—Los bienes inmuebles o derechos reales anotados podrán ser enajenados o gravados; pero sin perjuicio del derecho de la persona a cuyo favor se haya hecho la anotación.

   *       *       *       *       *       *       *

"Si la enajenación otorgada e inscrita durante el pleito fuere relativa a finca cuya propiedad se hubiere reclamado en virtud de demanda anotada preventivamente, con arreglo al número 1°. del artículo 42 de esta ley, será título hábil para que en su virtud se cancele aquella inscripción, un testimonio de la sentencia firme favorable al dominio del demandante."

No vemos razón por la cual los recurrentes no tienen derecho a que su escritura sea registrada en su totalidad. Los traspasos e inscripciones a favor del acreedor y de sus compradores se hicieron con posterioridad a la anotación de la demanda en el registro y se hicieron con completo conocimiento de la pendencia del pleito y sujetos a sus resultas. El objeto de la anotación de la demanda es avisar a las demás personas de que si adquieren después algún derecho en los bienes anotados lo perderán si el anotante obtiene éxito en la demanda que la originó, y si bien el artículo 20 de la Ley Hipotecaria en que parece apoyarse el registrador para negar la inscripción de parte de la finca por aparecer inscrita a favor de terceras personas, dispone que para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen, este precepto se refiere a las inscripciones en general mas no a las que puedan hacerse como consecuencia de un pleito anotado en el registro, porque para estos casos es de aplicación el artículo 71 que permitiendo la enajenación o gravamen de los bienes inmuebles o derechos reales anotados, sin perjuicio del derecho de la persona a cuyo favor se haya hecho la anotación, dispone como consecuencia en uno de sus párrafos que si se hubiere inscrito, será título hábil para que se cancele el testimonio de la sentencia firme favorable

al demandante, declaración que tiene su desarrollo en el artículo 142 del reglamento para su ejecución, igual al 76 de España, al disponer la manera cómo la anotación preventiva ha de convertirse en inscripción al adquirir definitivamente el derecho anotado la persona a cuyo favor se había hecho la anotación.   Véanse las Resoluciones de la Dirección General de los Registros de España de 10 de septiembre de 1881 y 19 de enero de 1897.

Siendo, pues, inscribible la escritura que motiva el recurso, la nota recurrida debe ser revocada y ordenarse al registrador que proceda a su inscripción convirtiendo la anotación preventiva en inscripción definitiva cancelando las inscripciones posteriores a la anotación preventiva.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.