MARIANA DE JESÚS PADILLA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 749.—*Sometido:* Marzo 5, 1929. *Resuelto:* Mayo 2, 1929.

*Nazario & García Méndez,* abogados de la recurrente: el registrador recurrido compareció por escrito.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

En este recurso se ha acompañado una copia de opinión y sentencia en caso civil No. 3148, *Mariana de Jesús Padilla* v. *Ignacio Soltero,* sobre reivindicación de inmueble, Corte Municipal de San Germán, P. R.; y de ella aparece que en la demanda se dedujeron las siguientes peticiones: Que se declare: 1. Que la demandante es la heredera de Blás Padilla, y única dueña de la propiedad dejada por él a su muerte; 2. Que la demandante tiene derecho a que se le entregue la dicha casa; 3. Que la demandante tiene derecho a percibir como indemnización ciento veinte dólares por beneficios dejados de percibir; y por último solicita las costas y gastos.

De esta demanda se dió el aviso de que hace mención el artículo 91 del Código de Enjuiciamiento Civil.

La Corte Municipal de San Germán dictó sentencia en el caso, declarando con lugar la demanda; y el demandado apeló; pero desistió de su apelación, y el pleito se devolvió al tribunal de origen. Entonces la demandante, con copia certificada de la sentencia firme, y de la moción y orden de desistimiento, presentó al registrador petición para que convirtiera en inscripción la anotación tomada en el caso.

El registrador denegó la petición, tomando anotación por el término de ley. Su nota es como sigue:

"Denegada la conversión que se solicita por el precedente documento, con vista de otros, y tomada en su lugar anotación preventiva por el término de ciento veinte días a favor de la demandante Mariana de Jesús Padilla, al folio 209 vuelto del tomo 87 de este Ayuntamiento, finca No. 3677, anotación letra 'c', porque si bien dicha anotación de demanda, se solicitó y obtuvo al amparo de lo preceptuado en el Artículo 91 del Código de Enjuiciamiento Civil vigente, que se equipara en su esencia y finalidad al inciso primero del Artículo 42 de la Ley Hipotecaria y el 91 del Reglamento para su aplicación; pero es también igualmente cierto, que tal anotación al presente es ineficaz y no tiene efecto legal alguno y por tanto es inexistente para producir los efectos de una conversión en inscripción definitiva, por los fundamentos siguientes: Primero:—(a) Porque según se desprende de los documentos presentados en este Registro que se marcan con el No. 1 la demanda fué resuelta definitivamente ante la Hon. Corte de Distrito de Mayagüez el día 27 de noviembre último, en virtud del desistimiento que hiciera el demandado por conducto de su abogado, de la apelación que interpusiera para ante dicha Corte, de la sentencia que dictara en dicha demanda la Corte Municipal de esta ciudad, el 26 de marzo del pasado año. (b) Porque resulta de los Libros del Registro y de dicho documento presentado, que después de terminado el referido pleito ante la citada Corte de Distrito, por el desistimiento de apelación, fué que se obtuvo en este Registro, la anotación de la demanda, que originó dicha sentencia apelada, en virtud del documento presentado el día tres de diciembre último, asiento No. 244 del tomo 75 del Diario, pues si bien aparece del Registro que anteriormente había sido solicitada la anotación de demanda en este caso por dos veces, una fué denegada y su nota consentida y la otra fué retirada por su presentante, habiéndose presentado nuevamente según resulta en el Libro Diario 75 antes citado, asiento No. 244, fecha tres de diciembre último, anotada dicha demanda al folio 206 del tomo 87 de esta ciudad, al margen de la inscripción Primera de la finca arriba citada. En este caso procede la ejecución de la sentencia y no una conversión de inscripción de la anotación de la demanda: Segundo:— Porque siendo una de las causas de acción de la demandante Mariana de Jesús Padilla, su carácter de heredera de Blas Padilla Torres, la Corte Municipal de esta ciudad obró sin jurisdicción al declarar a

ésta como única y universal heredera del referido Blas Padilla a su hija Mariana de Jesús Padilla, la demandante, conclusión legal que sólo compete a las Cortes de Distrito, pues sólo ha podido eslabonarse en la demanda dicho hecho histórico y jurídico con los documentos y demás pruebas presentadas en la misma para la resolución del caso en general."

La primera cuestión a resolver es la de si la Corte Municipal de San Germán tenía o no jurisdicción. Si la declaración que de esa corte se hubiera solicitado fuese la general de declaratoria de herederos con efecto de la misma clase, esto es, generales, no habría duda alguna de que carecía la corte de jurisdicción. Pero, aunque no está bien presentada la petición de la demanda, no es ése el caso. En las decisiones de este tribunal en los casos *Morales* v. *Landrau et al.*, 15 D.P.R. 782, y *Soriano et al.* v. *Rexach*, 23 D.P.R. 573, se ha determinado claramente la doctrina jurídica en este extremo.

En el primero de dichos casos, se estableció lo siguiente:

"Además, si con arreglo al artículo 665 del Código Civil, los derechos a la sucesión de una persona se trasmiten desde el momento de su muerte, y, según el artículo 669 del mismo código, los herederos suceden al difunto por el hecho sólo de su muerte en todos sus derechos y obligaciones, es lógico deducir que para la justificación del derecho sucesorio alegado en la demanda con relación a Petrona y Dolores Morales Oquendo han podido venir al juicio las actas de defunción de las mismas.

"Habiendo fundado los demandantes su acción entre otros hechos en su calidad de herederos de Angel Oquendo sin que tal hecho hubiera sido admitido por los demandados, aquéllos han podido justificar esa calidad en el presente juicio sin necesidad de acudir para ello a la Ley de Procedimientos Legales Especiales, si bien esa justificación sólo puede tener alcance y eficacia con relación a los demandados en el caso concreto de que se trata, pues para fines generales, o cuando se trate de obtener declaratoria de herederos, que en este juicio no ha sido solicitada, debe acudirse al capítulo 3º. del título 1º. de la Ley de Procedimientos Legales Especiales que establece el modo y forma de obtener aquella declaratoria."

Y en el segundo, *Soriano et al.* v. *Rexach,* lo que sigue:

"Y por vía de suplemento al último párrafo citado debemos agregar que, a menos que esté envuelto algún elemento que dependa del tiempo y de la memoria, u otra circunstancia excepcional, no parece existir una verdadera razón por la cual la prueba documental que ha sido presentada, examinada y considerada por el abogado de la parte contraria antes de ser admitida, y las declaraciones prestadas por los testigos en el juicio sobre los méritos en cuanto a los intereses contrarios de las partes contendientes que han sido sometidas a una severa observación judicial, hecha más intensa por la lucha entre los litigantes y sujetas a la fuerte prueba de un examen de repreguntas, no deban ser consideradas como que tienen más importancia intrínseca y verdadero valor probatorio, y, por tanto, que hasta constituye una prueba mejor del hecho que trata de establecerse, que la mera copia certificada de una orden que ha sido registrada en un procedimiento *ex parte,* sobre declaratoria de herederos, en el que no hay la misma oposición a la admisión de documentos, y solamente son examinadas por su abogado o por la corte, las partes interesadas en establecer el hecho, y sus testigos, sin ninguna intervención de parte contraria."

Y en el caso de *Cerezo* v. *Rivera,* 35 D.P.R. 537, se ha declarado lo que sigue:

"(3) La alegada falta de jurisdicción de la corte de distrito se sostiene como consecuencia necesaria de una supuesta falta de jurisdicción en la corte municipal. La jurisdicción de la corte municipal se ataca por el fundamento de que un procedimiento especial sobre declaratoria de herederos sólo puede ser establecido en la corte de distrito.

"La contestación a esta alegación a falta de algo más persuasivo que una manifestación de la premisa envuelta y la conclusión a que se pretendió llegar puede verse en el hecho de que la presente acción no es principalmente, o en un sentido general u ordinario, un procedimiento sobre declaratoria de herederos. La cuestión de herederos en este caso fué un punto incidental y quedó resuelta únicamente en cuanto al demandante y el demadado para poder establecer un eslabón necesario en la cadena del título del demandante."

En este extremo la nota del registrador es errónea.

██ La parte recurrente sostiene que de acuerdo con el artículo 142 del Reglamento para ejecución de la Ley Hi-

potecaria procedía la conversión de la anotación en inscripción definitiva, al ser adquirido el derecho anotado, por aquel a cuyo favor se hizo la anotación. Y cita los casos *Dávila* v. *Registrador*, 24 D.P.R. 707, *Álvarez* v. *Quilichini*, 24 D.P.R. 161, y *Cerezo* v. *Rivera*, 35 D.P.R. 537.

La Ley Hipotecaria, en unión de su Reglamento, constituye un todo harmónico, con preceptos de tal forma relacionados entre sí, que la lesión a uno de ellos, repercute y se siente en todo el organismo y la aplicación de uno de ellos produce efectos en los demás.

El artículo 42 de la Ley Hipotecaria viene a llenar la necesidad de la publicidad, de consuno con la de la legalidad, con relación a actos y contratos, que, o por su propia naturaleza, o por circunstancias especiales que afectan a su forma extrínseca, o por circunstancias de tiempo, o por razones puramente registrales, no puede tener inmediata entrada en el registro, de manera final y definitiva. Acerca de esto han dicho Galindo y Escosura lo que sigue:

"Son las anotaciones preventivas unos asientos de carácter provisional que se extienden en los libros del Registro en que constan: los títulos que afectan a la propiedad, que por carecer de algunos de los requisitos exigidos por la ley, o por cualquier otra causa, no pueden ser inscritos; las reclamaciones judiciales del dominio y los demás derechos reales; las responsabilidades preventivas e interinas que afectan a las fincas, y la falta de capacidad del dueño para disponer de ellas, hasta que, subsanados los defectos, resueltas las reclamaciones, determinada la responsabilidad y ejecutoriada la capacidad o incapacidad del dueño, se convierta el asiento provisional en inscripción definitiva, o se cancele."

En nuestro sistema de registro, si se acepta en la total pureza de sus principios, no cabría nada transitorio y temporal, ni cabría que los libros del registro contuvieran nada que se refiera a derechos u obligaciones de carácter personal. Pero es lo cierto que muchas de las obligaciones personales, se reflejan en los bienes inmuebles, o se resuelven de manera que los afecten, y que derechos de aparente carácter

transitorio tienen una solución definitiva que afecta a los inmuebles. Y como aquéllos y éstos, por virtud del sistema hipotecario a que se ajusta nuestra ley, no tienen una inmediata cabida en el registro como inscripciones, se ha resuelto el problema con la introducción de la anotación preventiva, durante cuyos efectos se puede purificar el título de sus defectos, o declararse el derecho, o preservarse éste de una forma final, como ocurre con las anotaciones por defecto del título, o con las de reclamación de dominio u otro derecho real, o la de legado, o la de refacción.

El número 1º. del artículo 42 de la Ley Hipotecaria es así:

"Artículo 42.—Podrán pedir anotación preventiva de sus respectivos derechos en el Registro público correspondiente:

"1. El que demandare en juicio la propiedad de bienes inmuebles, o la constitución, declaración, modificación o extinción de cualquier derecho real."

Y en relación con ese precepto, el artículo 43 de la misma ley, dice:

"Artículo 43.—En el caso del número 1 del artículo anterior, no podrá hacerse la anotación preventiva, sino cuando se ordene por providencia judicial dictada a instancia de parte legítima, y en virtud de documento bastante, al prudente arbitrio del juzgador."

Nótase en el texto del artículo 41, que la anotación se da a favor del que en juicio pide *el dominio,* u otro *derecho real* a constituir, declarar o modificar o a extinguir. Es evidente la justificación de la anotación preventiva, dirigida a asegurar la eficacia del futuro fallo acerca de un *derecho real.* El precepto, en esta parte, no va más allá: se ciñe a la posibilidad de la existencia de un derecho real que se refiera a bienes inmuebles; y para nada tiene en cuenta los bienes muebles, ni los derechos de orden puramente personal, que son objeto de otros apartados del artículo, como el 2º., el 3º., el 4º.

El artículo 91 del Código de Enjuiciamiento Civil, en su texto exacto, como se declaró por este tribunal en la opinión

en el caso *Manrique de Lara* v. *Registrador de San Germán*, 23 D.P.R. 864, dice:

"En una acción que afecte al título o al derecho de posesión de propiedad inmueble, el demandante, al tiempo de presentar la demanda, y el demandado al tiempo de formular su contestación, cuando en dicha contestación se solicite un remedio a su favor, o en cualquier tiempo después, pueden presentar para su anotación al registrador del distrito en que esté situada la propiedad o alguna parte de la misma, un aviso de estar pendiente la acción, que contenga los nombres de las partes, el objeto de la acción o defensa y una descripción de la propiedad afectada por dicha acción."

En la misma opinión se dice:

"Como se ve el texto inglés no exige como condición para la anotación de la demanda o de la contestación que el demandante, y en su caso el demandado, pidan se declare que lo que reclaman es suyo, sino que basta que la acción que se ejercita afecte al título o al derecho de posesión de una propiedad inmueble."

Percíbese, a primera vista, la diferencia entre este artículo y el de la Ley Hipotecaria que hemos citado. Para la anotación preventiva se requiere que la demanda lo sea de propiedad o de cualquier derecho real. Para el aviso al Registro, en el caso del artículo 91, de acción que afecte al título o derecho de posesión, sin que pueda precisarse el exacto sentido del verbo "afectar," ni la época o tiempo a que el artículo se refiere. Para la anotación preventiva de Ley Hipotecaria, la necesaria intervención del juez, como garantía más sólida. Para la de procedimiento, la determinación de la voluntad de la parte. En la anotación preventiva de que se trata, se establece por el Reglamento en su artículo 126 la forma completa, el mejor aviso a todos, en que se ha de extender. Para la anotación con arreglo a la ley procesal, basta una nota marginal. Para la anotación preventiva hipotecaria en este caso, la garantía de que habla el artículo 91 del Reglamento para ejecución de la Ley Hipotecaria: para la nota con arreglo a la ley procesal, sin garantía alguna.

Como aviso, los dos procedimientos producen el efecto de avisar: el uno en forma más firme, solemne y segura. Pero aparte de eso, existe entre ambos una diferencia digna de aprecio.

Se ha citado el caso *Dávila* v. *Registrador de Humacao,* 24 D.P.R. 707, y el de *Álvarez* v. *Quilichini,* 24 D.P.R. 161. En el último citado, se trata de una anotación preventiva por razón del registro (no aparece inscrita la finca y falta el título) que tenía eficacia por 120 días, y que según aparece (página 166, tomo 24, D.P.R.) había caducado. Y en el primer caso, *Dávila* v. *Registrador, supra,* se habla de la anotación preventiva de una demanda para recobrar la posesión y el dominio de un inmueble, y de sus efectos con arreglo al artículo 71 de la Ley Hipotecaria.

No son los hechos en estos casos iguales, o análogos, a los del presente; ni las resoluciones hacen declaración en cuanto al aviso de demanda, y a la nota que él puede producir en el registro de la propiedad.

En la opinión disidente en el caso *Jordán* v. *Gómez et al.* 18 D. P. R. 157, se dijo lo que sigue:

"La anotación en el registro del aviso de una demanda interpuesta con relación al título o derecho de posesión de una propiedad inmueble, no puede producir más efecto que el que le atribuye el artículo 91 del Código de Enjuiciamiento Civil, o sea el de considerarse que el comprador o la persona que adquiriera un gravamen sobre la propiedad litigiosa, tiene conocimiento para los efectos legales de la acción pendiente entre las partes designadas en el aviso.

"Dicho aviso es equiparable en su esencia a la anotación preventiva de una demanda sobre propiedad de bien inmueble o derecho real, a que se refiere el número 1º, del artículo 42 de la Ley Hipotecaria, y por tanto ambas diligencias tienen que producir idénticos resultados."

No se deduce de estas palabras que el aviso de la demanda produzca todos y cada uno de los efectos de la anotación de demanda de propiedad que se creó en el número 1º.

del artículo 42 de la Ley Hipotecaria. Antes al contrario *"no puede producir más efecto que el que le atribuye el artículo 91 del Código de Enjuiciamiento Civil"* (cursivas nuestras) o sea el de notificar a cualquier comprador o adquirente de gravamen, de la pendencia de un litigio acerca del título o la posesión. Si ello es así, no hay razón alguna para crear, a favor de la nota producida por el artículo 91 de la Ley Procesal, un efecto, como el de la conversión, que no aparece de dicha ley, y que en la Hipotecaria se concede o da a determinadas anotaciones, rodeadas de más sólidas garantías, y aparentes en el registro en otra forma, y con mayor especificación que aquélla.

A más de esto, hay un título, que es la sentencia de adjudicación, que es inscribible. Es verdad que en los casos de la legítima anotación preventiva de Ley Hipotecaria, si se obtiene la declaración de propiedad puede hacerse la conversión, de acuerdo con el artículo 142 del Reglamento para ejecución de la Ley Hipotecaria; pero es un hecho que de una nota de aviso en el registro, en la que consten los nombres de las partes en el pleito, el objeto de la demanda, y la descripción de la propiedad en litigio, no pueden extraerse los datos que se requieren por el citado artículo 142; o al menos, sería sumamente difícil hacerlo. Esto, desde el punto de vista práctico.

Entendemos que no se ha derogado, ni expresa ni implícitamente el precepto del número 1º del artículo 42 de la Ley Hipotecaria. Hay otra forma más de pública notificación, la del artículo 91 de la Ley Procesal; pero ésta no deroga la anotación preventiva de derecho inmobiliario, que va, en sus efectos, más allá que la procesal.

*Debe confirmarse la nota recurrida, en cuanto a la conversión, y revocarse en lo que afecta a la jurisdicción de la corte municipal.*