La Sucesión de Amador Trías Silva, compuesta de su viuda Adela Duffrent y de sus hijos Arturo, Miguel Angel, Estela, José A. y Josefa Matilde Trías Duffrent, recurrente, *v.* El Registrador de la Propiedad de Guayama, recurrido.

Núm. 1095.—*Sometido:* Noviembre 3, 1941. *Resuelto:* Noviembre 12, 1941.

A. J. Amadeo, abogado de la recurrente; el registrador recurrido no compareció.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El día 25 de abril de 1927 se anotó en el Registro de la Propiedad de Guayama un aviso de demanda (*lis pendens*) por la Sucesión de Amador Trías Silva de la que había radicado ante la corte de dicho distrito contra Baltazar Mendoza, Porto Rico Leaf Tobacco Co. y otros, sobre inexistencia de ejecutivo hipotecario y reivindicación. Posteriormente, el día 30 de abril de 1930, Baltazar Mendoza, uno de los demandados en dicha acción y que estaba en posesión de los inmuebles objeto de la misma, hipotecó dichas fincas para garantizar un pagaré por la suma de $66,000 que fué luego dado en prenda al Banco Comercial de Puerto Rico y al Crédito y Ahorro Ponceño y adquirido finalmente por estas instituciones bancarias.

No obstante no haber sido cancelada la primitiva anotación de demanda a que nos hemos referido, la Sucn. Trías Silva volvió a anotar la misma en el registro el día 18 de septiembre de 1937 y en febrero 11 de 1938. Esta última anotación, que se refiere a una finca de 119 cuerdas, fué cancelada por orden de la Corte de Distrito de Guayama el 28 de noviembre de 1940, al ejecutar los bancos acreedores la hipoteca que garantizaba el pagaré y adjudicárseles las dos fincas objeto del litigio. En la inscripción de la hipoteca que dió lugar a esta ejecución se había hecho constar por el registrador que las fincas se encontraban afectas a la anotación de aviso de demanda (*lis pendens*) de la Sucn. Trías Silva o sea la primera anotación de abril de 1927.

En junio 1 de 1939 la Corte de Distrito de Guayama dictó sentencia a favor de la Sucn. de Amador Trías Silva, en el pleito sobre inexistencia de ejecutivo hipotecario y reivindicación, la que fué enmendada en abril 22 de 1940, por la que declaró nulo e inexistente el título inscrito a favor de Baltazar Mendoza de las dos fincas objeto de la acción y ordenó la cancelación de todas las inscripciones y transferencias hechas

a virtud de dicho título. Presentado el correspondiente mandamiento en el Registro de la Propiedad de Guayama para su inscripción el registrador lo denegó por los fundamentos expuestos en la siguiente nota:

"DENEGADA la inscripción de cancelación solicitada en el escrito o solicitud que se acompaña como complementario al mandamiento que precede, y sólo en cuanto a dos fincas rústicas de 119 y 18 cuerdas respectivamente, sitas en el barrio Lapa, de Cayey, por los fundamentos siguientes: 1º Porque si bien existe anotada desde el 25 de abril de 1927 sin cancelar, la demanda original que motivó la sentencia comprendida en el mandamiento que precede, y a cuya virtud se solicita ahora la cancelación de las inscripciones de dichas fincas a favor del Banco Popular de Puerto Rico y Crédito y Ahorro Ponceño, de acuerdo con lo dispuesto en el párrafo 5 del artículo 71 de la Ley Hipotecaria, no obstante, del Registro resulta, en lo que respecta a la finca de 119 cuerdas, que la misma demanda fué anotada con posterioridad a dicha fecha, o sea en 11 de febrero de 1938, la cual anotación fué luego cancelada por orden de la Corte de Distrito de Guayama de fecha 28 de noviembre de 1940 en el caso sobre ejecución de la hipoteca que dió origen a la adjudicación del inmueble en favor de dichos Bancos, y en cuanto a la finca de 18 cuerdas la misma demanda fué anotada con posterioridad al 25 de abril de 1927, o sea en 18 de septiembre de 1937, la cual si bien no aparece expresamente cancelada, quedó prácticamente sin efecto ni valor alguno a virtud de haberse notificado en el procedimiento de ejecución antes citado a los demandantes y anotantes; teniendo el Registrador suscribiente dudas de si las últimas anotaciones de la demanda dejaron sin valor ni efecto alguno la anotación original de 25 de abril de 1927; y 2º Porque la sentencia que se acompaña no cubre a la Porto Rican Leaf Tobacco Co., una de las demandadas en la acción original, ya que en dicha sentencia se declara sin lugar la demanda en cuanto a la referida compañía, teniendo también dudas el Registrador con respecto a si dicha sentencia que es incompleta en cuanto a todos los demandados incluídos en la anotación original de la demanda, es suficiente para a virtud de ella proceder a la cancelación solicitada; correspondiendo a los tribunales de justicia, a juicio del Registrador la facultad de determinar sobre la validez de la anotación referida, así como sobre la suficiencia de la sentencia según se deja anteriormente expresado, y TOMADA en su lugar en ambos casos, anotación preventiva por el término legal de 120 días

a favor de la sucesión de Amador Trías Silva, de su derecho en este caso, al folio 199 del tomo 93 de Cayey, finca número 2133 triplicado, anotación letra B y por nota al margen de la inscripción 8ª de la finca número 1590 triplicado, al folio 166 del tomo 75 de Cayey. Guayama, P. R., a 28 de marzo de 1941. (Fdo.) Ángel Fiol Negrón, Registrador.''

En una certificación expedida por el registrador recurrido el día 19 de agosto de 1941 se hace constar que las anotaciones de demanda efectuadas al margen de las dos fincas objeto del litigio, el día 25 de abril de 1927 ''no aparecen canceladas en forma alguna en este registro, ni tampoco aparece ni consta presentado documento alguno, pendiente de inscripción o anotación por el que se solicite la cancelación de dichas anotaciones.''

La recurrente ha radicado un extenso alegato sosteniendo la procedencia del recurso, que no ha sido refutado por el registrador recurrido en forma alguna.

Dos son, pues, los fundamentos que expone el registrador en su nota para denegar la cancelación solicitada por la recurrente: primero, porque tiene dudas en cuanto a si las últimas anotaciones de la demanda habían dejado sin valor ni efecto la anotación original efectuada en abril 25 de 1927; y, segundo, que tiene también dudas en cuanto a si la sentencia dictada por la Corte de Distrito de Guayama es suficiente para a virtud de ella efectuar la cancelación solicitada.

▪ Consideremos el primer fundamento. Tanto la anotación original del aviso de la cuestión litigiosa pendiente, como las anotaciones posteriores, fueron hechas a virtud de lo dispuesto en el artículo 91 del Código de Enjuiciamiento Civil (Ed. 1933), que dice así:

''Artículo 91.—Cuando en una acción que afecte al título o al derecho de posesión de una propiedad inmueble, el demandante al tiempo de presentar la demanda, y el demandado al tiempo de presentar la contestación o en cualquier tiempo después, pidieren se declare que lo que se reclama es suyo, podrán presentar para su anotación al registrador del distrito en que radicare la propiedad o

parte de ella un aviso de la cuestión litigiosa pendiente, el cual contendrá los nombres y apellidos de las partes, el objeto de la demanda o contestación, y la descripción de la propiedad en litigio. Sólo desde el día de la presentación del aviso para ser anotado se considerará que el comprador o la persona que adquiera un gravamen sobre la propiedad litigiosa, tiene conocimiento, para los efectos legales, de la acción pendiente contra las partes designadas por sus nombres verdaderos.''

Tanto los avisos de demanda anotados en el registro a virtud de este artículo, como los hechos por orden judicial de acuerdo con los artículos 42 y 43 de la Ley Hipotecaria, pueden ser cancelados a petición de parte interesada y sin necesidad de orden judicial, cuando hubieren transcurrido cuatro años desde su anotación, si dicho término no hubiere sido prorrogado, por justa causa y por orden de la corte en que estuviere pendiente el caso, según se resolvió en el caso de *Aguilar* v. *Registrador,* 57 D.P.R. 610. En el caso de autos, sin embargo, a pesar de que la anotación del aviso de demanda original se efectuó el 25 de abril de 1927 y que por lo tanto, desde el 25 de abril de 1931 cualquier parte interesada pudo gestionar y obtener su cancelación, nada se hizo y aún en la actualidad está vigente dicha anotación según certifica el registrador. El hecho de que la recurrente posteriormente anotara de nuevo su aviso de demanda, quizá para evitar que pudiera solicitarse dicha cancelación, somos de opinión que en nada afectó la validez y vigencia de la anotación original. Tan es así que al adjudicarse los inmuebles a los bancos referidos en el ejecutivo hipotecario se cancelaron dichas anotaciones posteriores por haberse hecho precisamente después de la constitución de la hipoteca; pero eso en nada pudo afectar ni afectó la anotación original que fué anterior a la constitución de la hipoteca, ya que al inscribirse ésta se hizo constar que las fincas estaban afectas a dicha anotación de *lis pendens.*

En cuanto al efecto que, para un adquirente posterior, tiene dicha anotación, véanse, entre otros, los casos de

*Jordán* v. *Gómez,* 18 D.P.R. 151; *Dávila* v. *Registrador,* 24 D.P.R. 707; *Paniagua* v. *Corte,* 34 D.P.R. 674, 677; *Cintrón* v. *A. Hartman & Co.,* 43 D.P.R. 179; y *Riera* v. *Registrador* 57 D.P.R. 673. En este último caso, después de citarse el artículo 91 del Código de Enjuiciamiento Civil, supra, se dijo lo siguiente:

"Es indudable que cuando la acción que se ejercita afecta el título o el derecho de posesión de un inmueble y el aviso de la cuestión litigiosa pendiente se anota en el registro, toda persona que adquiere el título o un gravamen sobre el inmueble con posterioridad a la fecha de la presentación, carece de la condición de tercero y su título o gravamen queda sujeto a las resultancias del pleito a que se refiere la anotación."

El párrafo quinto del artículo 71 de la Ley Hipotecaria dispone que:

"Artículo 71.—Los bienes inmuebles o derechos reales anotados podrán ser enajenados o gravados; pero sin perjuicio del derecho de la persona a cuyo favor se haya hecho la anotación.

      *        *        *        *        *        *        *

"Si la enajenación otorgada e inscrita durante el pleito fuere relativa a finca cuya propiedad se hubiere reclamado en virtud de demanda anotada preventivamente, con arreglo al número 1º del artículo 42 de esta ley, será título hábil para que en su virtud se cancele aquella inscripción, un testimonio de la sentencia firme favorable al dominio del demandante."

En el caso de *Dávila* v. *Registrador,* supra, el registrador se negó a cancelar la inscripción hecha a favor de terceras personas que habían adquirido ciertas parcelas de una finca con posterioridad a la anotación de una demanda que afectaba todo el inmueble y esta Corte, al revocar la nota recurrida, se expresó así:

"No vemos razón por la cual los recurrentes no tienen derecho a que su escritura sea registrada en su totalidad. Los traspasos e inscripciones a favor del acreedor y de sus compradores se hicieron con posterioridad a la anotación de la demanda en el registro y se hicieron con completo conocimiento de la pendencia del pleito y suje-

tos a sus resultas. El objeto de la anotación de la demanda es avisar a las demás personas de que si adquieren después algún derecho en los bienes anotados lo perderán si el anotante obtiene éxito en la demanda que la originó, y si bien el artículo 20 de la Ley Hipotecaria en que parece apoyarse el registrador para negar la inscripción de parte de la finca por aparecer inscrita a favor de terceras personas, dispone que para inscribir o anotar los títulos en que se transfiera o grave el dominio o la posesión de bienes inmuebles o derechos reales deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen, este precepto se refiere a las inscripciones en general mas no a las que puedan hacerse como consecuencia de un pleito anotado en el registro, porque para estos casos es de aplicación el artículo 71 que permitiendo la enajenación o gravamen de los bienes inmuebles o derechos reales anotados, sin perjuicio del derecho de la persona a cuyo favor se haya hecho la anotación, dispone como consecuencia en uno de sus párrafos que si se hubiere inscrito, será título hábil para que se cancele el testimonio de la sentencia firme favorable al demandante, declaración que tiene su desarrollo en el artículo 142 del reglamento para su ejecución, igual al 76 de España, al disponer la manera cómo la anotación preventiva ha de convertirse en inscripción al adquirir definitivamente el derecho anotado la persona a cuyo favor se había hecho la anotación. Véanse las Resoluciones de la Dirección General de los Registros de España de 10 de septiembre de 1881 y 19 de enero de 1897.''

El segundo fundamento de la nota del registrador es también insostenible. La sentencia dictada por la Corte de Distrito de Guayama hace constar que la Porto Rican Leaf Tobacco Co., una de las demandadas en la acción sobre inexistencia de ejecutivo hipotecario y reivindicación sólo compareció especialmente para alegar que dicha corporación había sido disuelta desde el año 1929, habiendo por tanto dejado de hacer negocios en la Isla, pero en su parte dispositiva dicha sentencia aun cuando declaró sin lugar la demanda en cuanto a la Porto Rican Leaf Tobacco Company la declaró con lugar en cuanto a los demás demandados y en su consecuencia declaró nulo e inexistente el procedimiento ejecutivo sumario hipotecario seguido por la Porto Rican Leaf Tobacco

Co. contra el causante de la demandante Amador Trías Silva, y como consecuencia nula y sin efecto legal alguno para trasmitir el dominio de la finca la venta judicial llevada a efecto por el márshal y nulos los traspasos subsiguientes de dicha finca a favor de Baltazar Mendoza y los demás demandados, ordenándose la cancelación de todas las inscripciones relacionadas con dichas transferencias al dominio, y declaró que la finca es y siempre ha sido de la propiedad y dominio de los demandantes.

De acuerdo con el artículo 18 de la Ley Hipotecaria los registradores de la propiedad tienen autoridad para calificar bajo su responsabilidad y para el único efecto de admitir, suspender o negar su inscripción, todos los documentos expedidos por la autoridad judicial. Al interpretar el alcance de dicho artículo esta Corte Suprema ha resuelto, en una larga serie de casos, lo que a continuación copiamos del de *Cintrón* v. *Registrador,* 35 D.P.R. 805:

"Según el párrafo segundo, los registradores tienen facultad para calificar los documentos expedidos por la autoridad judicial y la jurisprudencia de esta Corte Suprema ha declarado en diferentes decisiones hasta dónde alcanza tal facultad en esos casos. Ella no se extiende a apreciar los fundamentos de las sentencias y resoluciones judiciales, o sea, la justicia intrínseca de las mismas, ni apreciar si la prueba fué o no suficiente, pero su calificación alcanza a si el juez era competente por razón de la materia, *la naturaleza y efecto de la resolución,* si se dictó en el juicio correspondiente, si en él se observaron los trámites y preceptos esenciales para su validez y si contiene todas las circunstancias que según la Ley Hipotecaria son necesarias para que pueda practicarse la inscripción. *Suárez Migoya* v. *El Registrador de Guayama,* resuelto en julio 14, 1926 (pág. 740) y casos en él citados.''

La duda expresada por el registrador recurrido en cuanto a si la sentencia, por ser incompleta según él, es suficiente para proceder a la cancelación solicitada, va más allá de la facultad que le concede la ley. Es cierto que la demanda fué declarada sin lugar en cuanto a la Porto Rican Leaf

Tobacco Co. pero la sentencia expresamente declara nulo e inexistente el ejecutivo hipotecario seguido contra el causante de la demandante y nulos y sin efecto legal alguno el traspaso de la finca en la venta judicial efectuada y todos los traspasos subsiguientes y resuelve expresamente que la finca en controversia es y siempre ha sido de la propiedad y dominio de la Sucn. de Amador Trías Silva. La anotación del aviso de demanda efectuado desde el año 1927 y aún vigente, era un aviso a todos los adquirentes posteriores de dicha finca, de que su título estaba sujeto a las resultancias del pleito a que se refiere la anotación. *Riera* v. *Registrador,* 57 D.P.R. 673.

*Por las razones expuestas, se declara con lugar el recurso y en su consecuencia se revoca la nota del registrador recurrido y se le ordena que proceda a efectuar las cancelaciones solicitadas.*