BANCO DE PUERTO RICO, DEMANDANTE, *v.* SOLÁ E HIJOS ET AL., DEMANDADOS, Y CASTRO, INTERVENTOR Y APELADO, Y MITJANS, OPOSITOR Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en pleito sobre cobro de dinero y cancelación de inscripciones hipotecarias.

No. 1703.—Resuelto en diciembre 24, 1917.

ANOTACIÓN DE EMBARGO—DERECHO A LA PROPIEDAD DEL DEUDOR—RECLAMACIONES POSTERIORES A LA ANOTACIÓN.—De acuerdo con el artículo 71 de la Ley Hipotecaria, un acreedor que verifica su anotación obtiene un derecho a la propiedad del deudor, conocido en la ley inglesa y americana como un *lien.* Este derecho claramente excluye a todas aquellas personas cuyas re-

clamaciones en contra de la propiedad tienen su origen en una fecha posterior a la de la anotación en el registro.

Id.—Objeto de la Anotación—Terceros—Hipoteca.—El objeto de la anotación de un embargo en el registro es el de avisar a terceras personas que adquieren después algún derecho en los bienes que los perderán si el anotante obtiene sentencia a su favor. Ese caso presupone la existencia de opuestas reclamaciones a la propiedad, pero tal principio es aplicable asimismo a quien adquiere una hipoteca después de la anotación.

Id.—Acreedor Hipotecario Posterior a la Anotación—Notificación a los Dueños.—Un acreedor hipotecario posterior a la anotación de un embargo en el registro no es en sentido alguno un comprador o dueño de la propiedad a los efectos de la notificación que exige el artículo 71 de la Ley Hipotecaria.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Abella Bastón* y *Andrés Mena.*

Abogados del apelado: *Sres. José y Manuel Tous Soto.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La controversia en esta apelación es una entre los derechos de un acreedor que embargó y otro que es hipotecario, y cuya hipoteca fué otorgada e inscrita después de verificada la anotación del primero de estos acreedores. En este caso está envuelta la interpretación del artículo 71 de la Ley Hipotecaria, que transcribimos:

"Artículo 71.—Los bienes inmuebles o derechos reales anotados podrán ser enajenados o gravados; pero sin perjuicio del derecho de la persona a cuyo favor se haya hecho la anotación.

"Si los bienes inmuebles o derechos reales anotados preventivamente, a tenor del artículo 42, números 2º. y 3º., fuesen adjudicados al demandante en virtud de sentencia recaída en el pleito, o llegase el caso de anunciarlos en pública subasta, se notificará la adjudicación o el anuncio al que durante el litigio hubiese adquirido tales bienes o derechos.

"Dicha notificación deberá practicarse a instancia del actor, dictada que sea la sentencia firme de adjudicación o antes de verificarse el remate en el procedimiento de apremio, debiendo observarse lo que prescriben los artículos 260' al 269 de la Ley de Enjuiciamiento Civil vigente en las Antillas, 244 al 253 de la que rige en Filipinas.

"Hecha la notificación a que se refiere el párrafo anterior, podrá el notificado librar los bienes de que se trate, pagando la cantidad consignada en la anotación para principal y costas, sin que se en-

tienda obligado a satisfacer por este último concepto mayor suma que la consignada en la anotación. Si no lo hiciere en el término de diez días, se procederá a cancelar en el registro la inscripción de su dominio, así como cualquiera otra que se hubiera extendido después de la anotación, a cuyo efecto, y a instancia del rematante o del adjudicatario, se despachará el oportuno mandamiento al registrador de la propiedad.

"Si la enajenación otorgada e inscrita durante el pleito fuere relativa a finca cuya propiedad se hubiere reclamado en virtud de demanda anotada preventivamente, con arreglo al número 1 del artículo 42 de esta Ley, será título hábil para que en su virtud se cancele aquella inscripción, un testimonio de la sentencia firme favorable al dominio del demandante.

"Las sentencias ejecutorias en que se imponga la pena de interdicción, o se declare la incapacidad para administrar de una persona, o se modifique su aptitud civil en cuanto a la libre disposición de sus bienes, serán documentos bastantes para cancelar las inscripciones de enajenaciones otorgadas durante la tramitación del juicio por el declarado incapaz, siempre que la demanda origen de la providencia hubiere sido anotada preventivamente en virtud de lo que ordena el artículo 42 en su número 5."

De acuerdo con esta Ley un acreedor que verifica su anotación obtiene un derecho a la propiedad del deudor, conocido en la ley inglesa y americana como un *lien*. Este derecho claramente excluye a todas aquellas personas cuyas reclamaciones en contra de la propiedad tienen su origen en una fecha posterior a la de la anotación en el registro. En el caso de *Dávila* v. *El Registrador de Humacao*, 24 D. P. R. 707, citado por el apelante, dijimos que el objeto de la anotación de una demanda en el registro es el de avisar a terceras personas que adquieran después algún derecho en los bienes, que lo perderán si el anotante obtiene sentencia a su favor. Ese caso presupone la existencia de opuestas reclamaciones a la propiedad, pero tal principio es aplicable asimismo a quien adquiera una hipoteca después de una anotación.

El apelante llama nuestra atención al hecho de que la ley hipotecaria exige que se dé aviso de la venta de la propiedad a aquel que ha adquirido de un deudor. Siendo apli-

cable el principio legal de que quien es primero en hecho es primero en derecho, el acreedor en este caso tenía un derecho preferente. El acreedor hipotecario posterior no es en sentido alguno un comprador o dueño de la propiedad. El tiene un contrato de préstamo asegurado con la propiedad pero nada hay en el referido artículo 71 que exija se dé aviso a un acreedor hipotecario posterior. Cuando el acreedor hipotecario en este caso aceptó la hipoteca sabía que había sido puesta en movimiento la maquinaria de la ley en contra del deudor. Puede haber sido la intención de la legislatura, como sucede frecuentemente, proteger la persona que está en posesión, pero cualquiera que haya sido el móvil de la legislatura no se demostró en lo más mínimo que fuera la intención exigir a un acreedor que ha embargado que notifique al acreedor hipotecario posterior.

Se llevó a efecto la venta de la propiedad para satisfacer el embargo y el comprador fué un tal Robledo que vendió a Castro, el apelado en este caso. El apelante alega que el banco que hizo el embargo es la única persona que puede pedir la cancelación de la hipoteca, pero creemos que Robledo y a su vez Castro necesariamente adquirieron todos los derechos del banco a este respecto. Y también creemos que Castro adquirió la propiedad libre de la hipoteca y tenía derecho a la cancelación de cualquier gravamen aparente.

Existen otras especificaciones de errores que no han sido señaladas como requieren las reglas de esta corte y que por otros motivos no son necesarias considerar. Los apelantes debieron haber radicado por separado un pliego de señalamientos de errores y no contentarse con discutirlos en forma corriente en el alegato que nos presentaron.

La orden apelada debe ser confirmada.

<em>Confirmada la resolución apelada.</em>

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.