CASIANO DÍAZ MEDIAVILLA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, recurrido.

No. 745.—*Sometido:* Diciembre 22, 1928. *Resuelto:* Febrero 4, 1929.

*Fulgencio Piñero,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

 Casiano Díaz Mediavilla era el dueño de un crédito garantizado con hipoteca. En la ejecución de una sentencia en un procedimiento sumario, él adquirió la finca. El registrador denegó la inscripción según se desprende de la siguiente nota:

"Denegada la inscripción de este documento porque la finca adjudicada se halla inscrita a favor de Juan M. Tellado, persona distinta de la demandada Eulalia Ferrer, y porque sobre dicho inmueble existe anotado un embargo a favor de Sucesores de A. Mayor & Compañía, según la anotación letra B, posterior a la inscripción del crédito hipotecario que se ejecuta, cuyos dueño y acreedor posteriores no aparecen notificados del procedimiento ejecutivo."

Juan M. Tellado adquirió de la deudora Eulalia Ferrer Yerrén. El embargo se hizo por una deuda contra dicho Juan M. Tellado. Tanto la venta a Tellado como la anotación del embargo fueron efectuados con posterioridad al asiento en el

registro de una anotación preventiva o aviso de estar pendiente el pleito en ejecución de hipoteca.

De la faz de los procedimientos, si tan sólo estos hechos estuvieran ante nos en un procedimiento contencioso ordinario, se infiere que no había duda de la prioridad del derecho de Casiano Díaz Mediavilla como acreedor hipotecario. Esto se desprende del caso *Banco de Puerto Rico* v. *Solá,* 26 D.P.R. 63. En dicho caso tanto una hipoteca como la venta que se trataba de efectuar de conformidad con la misma, fueron realizadas después que un acreedor ordinario había obtenido el embargo de la finca y después de haberse anotado el mismo en el registro, pero en dicho caso, al igual que en el presente, la cuestión giró o debe girar sobre quién tiene preferencia con motivo de la anotación.

El registrador de San Juan no ataca estos principios. Tampoco ataca la posibilidad de que el acreedor hipotecario pudiera tener originalmente un derecho preferente a la propiedad y que las anotaciones posteriores no destruyeron su derecho preferente. Él combate la validez de la venta y sostiene que sus deberes a este respecto, de acuerdo con la Ley Hipotecaria, son imperativos, y también que las cuestiones entre las partes relativas a su prioridad deben ser resueltas en una corte de justicia. El registrador cita los artículos 171 del Reglamento de la Ley Hiptecaria, 129 de dicha ley, y entre otras nuestras decisiones en los casos de *Manrique* v. *Registrador de Guayama,* 33 D.P.R. 544, y *Nazario Figueroa* v. *Registrador de San Germán,* 36 D.P.R. 773.

Este último caso sienta la doctrina de que de conformidad con el artículo 171 del Reglamento de la Ley Hipotecaria, los acreedores subsiguientes tienen derecho a ser notificados de cualquier venta que se efectúe de acuerdo con dicha Ley Hipotecaria. Este principio es aplicable a todas aquellas personas que estén interesadas en la propiedad que se trata de vender, y puede ser invocado por ellas, siempre que sus reclamaciones o derechos hayan sido inscritos debimente en el registro. Sin embargo, según los casos citados

demuestran, el artículo 171 se refiere a las anotaciones de derechos inscritos con posterioridad a la inscripción del crédito hipotecario mismo. Este artículo impone el deber a un acreedor hipotecario que ejecuta su crédito, de notificar a todas las personas cuyos derechos aparecen del certificado inicial expedido por el registrador, siendo tal certificado una de las condiciones precedentes al procedimiento ejecutivo sumario. De conformidad con sus términos el artículo 171 no tiene aplicación alguna a personas cuyos derechos surgen en el registro con posterioridad a la expedición del certificado. Esto es especialmente cierto, de no ser exclusivamente cierto, cuando el acreedor que ejecuta su derecho ha anotado, como en el presente caso, su demanda de ejecución en el registro.

Esto se hace tal vez un poco más claro por el artículo 71 de la Ley Hipotecaria.

Los tres primeros párrafos de ese artículo leen como sigue:

"Los bienes inmuebles o derechos reales anotados podrán ser enajenados o gravados; pero sin perjuicio del derecho de la persona a cuyo favor se haya hecho la anotación.

"Si los bienes inmuebles o derechos reales anotados preventivamente, a tenor del artículo 42, números 2º y 3º, fuesen adjudicados al demandante en virtud de sentencia recaída en el pleito, o llegase el caso de anunciarlos en pública subasta, se notificará la adjudicación o el anuncio al que durante el litigio hubiese adquirido tales bienes o derechos.

"Dicha notificación deberá practicarse a instancia del actor, dictada que sea la sentencia firme de adjudicación o antes de verificarse el remate en el procedimiento de apremio, debiendo observarse lo que prescriben los artículos 260 al 269 de la Ley de Enjuiciamiento Civil vigente en las Antillas, 244 al 253 de la que rige en Filipinas."

El primer párrafo dispone que los derechos anotados no pueden ser perjudicados por una inscripción posterior. En el presente caso el acreedor ejecutante hizo una anotación de haber instituido el procedimiento sumario. Al hacerlo así, notificó a todo el mundo de su derecho anterior y cual-

quier persona que tratara de obtener una inscripción posterior lo hacía corriendo el riesgo de que la propiedad se vendiera. Tal comprador o acreedor posterior no era en forma alguna un tercero y estaba en el deber de regirse por el resultado del procedimiento ejecutivo hipotecario. No hay duda alguna en este caso que tanto la venta a Tellado como el embargo fueron inscritos con posterioridad a la fecha en que se instituyó el procedimiento ejecutivo y en que fué anotado en el registro.

*Debe revocarse la nota recurrida y hacerse la inscripción.*