ADELA BOU VIUDA DE ALVAREZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 796.—*Sometido:* Diciembre 18, 1929. *Resuelto:* Febrero 4, 1930.

*M. Acosta Velarde,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de San Juan la escritura de venta judicial otorgada

por Eduardo Urrutia, márshal, a favor de Adela Bou viuda de Alvarez, el registrador se negó a ello "porque la finca vendida se halla inscrita a favor de Agustín Hernández Mena, persona distinta de los demandados."

Sucedió que la compradora Adela Bou reclamó por la vía judicial la suma de $2,500 que le debían Amparo Escapa y Alfonso Ocasio y cuyo pago estaba garantizado por los deudores con hipoteca sobre cierta finca situada en Santurce, San Juan.

No sólo se expidió por el registrador la certificación necesaria para iniciar el procedimiento sumarísimo seguido, si que además por vía de aseguramiento de la sentencia que pudiera dictarse se embargó la finca hipotecada anotándose el embargo en el registro.

Después de expedida la certificación, de iniciado el procedimiento ejecutivo hipotecario y de anotado el embargo, se inscribió en el registro la venta de la finca hipotecada, hecha por sus dueños los deudores a favor de Agustín Hernández Mena.

El procedimiento ejecutivo siguió adelante y la finca hipotecada y embargada fué vendida en pública subasta, adjudicándosela el márshal a nombre de los deudores a la acreedora por la suma de $2,000. Y ya hemos dicho que presentada la escritura en el registro el registrador se negó a inscribirla por estar ya registrada la finca vendida a nombre de otra persona distinta de los deudores.

Basta lo expuesto para concluir que de acuerdo con la jurisprudencia recientemente sentada por esta corte en el caso de *Arroyo* v. *Zavala y Cruz*, 40 D.P.R. 269, Agustín Hernández Mena no es la "persona distinta" que, según la ley, pueda impedir la inscripción.

Ahora bien, el comprador de la finca o derecho durante el litigio viene sujeto a las prescripciones del artículo 71 de la Ley Hipotecaria. El texto de ese artículo es como sigue:

"Los bienes inmuebles o derechos reales anotados podrán ser

enajenados o gravados; pero sin perjuicio del derecho de la persona a cuyo favor se haya hecho la anotación.

"Si los bienes inmuebles o derechos reales anotados preventivamente, a tenor del artículo 42, números 2º y 3º, fuesen adjudicados al demandante en virtud de sentencia recaída en el pleito, o llegase el caso de anunciarlos en pública subasta, se notificará la adjudicación o el anuncio al que durante el litigio hubiese adquirido tales bienes o derechos.

"Dicha notificación deberá practicarse a instancia del actor, dictada que sea la sentencia firme de adjudicación o antes de verificarse el remate en el procedimiento de apremio, debiendo observarse lo que prescriben los artículos 260 al 269 de la Ley de Enjuiciamiento Civil vigente en las Antillas, 244 al 253 de la que rige en Filipinas.

"Hecha la notificación a que se refiere el párrafo anterior, podrá el notificado librar los bienes de que se trate, pagando la cantidad consignada en la anotación para principal y costas, sin que se entienda obligado a satisfacer por este último concepto mayor suma que la consignada en la anotación. Si no lo hiciere en el término de diez días, se procederá a cancelar en el Registro la inscripción de su dominio, así como cualquiera otra que se hubiera extendido después de la anotación, a cuyo efecto, y a instancia del rematante o del adjudicatario, se despachará el oportuno mandamiento al Registrador de la Propiedad.

"Si la enajenación otorgada e inscrita durante el pleito fuere relativa a finca cuya propiedad se hubiere reclamado en virtud de demanda anotada preventivamente, con arreglo al número 1º del artículo 42 de esta ley, será título hábil para que en su virtud se cancele aquella inscripción, un testimonio de la sentencia firme favorable al dominio del demandante.

"Las sentencias ejecutorias en que se imponga la pena de interdicción, o se declare la incapacidad para administrar de una persona, o se modifique su aptitud civil en cuanto a la libre disposición de sus bienes, serán documentos bastantes para cancelar las inscripciones de enajenaciones otorgadas durante la tramitación del juicio por el declarado incapaz, siempre que la demanda origen de la providencia hubiere sido anotada preventivamente en virtud de lo que ordena el artículo 42 en su número 5º."

Para los fines del registro, no hay duda alguna de que la inscripción que se haga a favor de ese comprador viene sujeta a no perjudicar al que anotó con prioridad su derecho, en cuanto al montante de ese derecho. Pero el comprador

durante el litigio puede, según ese mismo precepto legal, liberar los bienes anotados mediante el pago del importe del gravamen. Es la obligación del actor o demandante, obligación que se trasmite al adjudicatario extraño que se subroga en los derechos de dicho actor o demandante, la de notificar al comprador durante el litigio, para que éste pueda liberar la finca en el término de diez días que se le concede por la ley, mediante el pago del gravamen anotado. Y si tal obligación de notificar no se cumple, no puede reclamarse la cancelación de la inscripción hecha a favor del comprador durante el litigio, cancelación absolutamente indispensable para que pueda inscribirse la adjudicación o la escritura hecha en consecuencia de la subasta, ya que no pueden coexistir dos inscripciones de propiedad de la misma finca, antagónicas y contrarias.

Presentado el documento de venta hecha por el marshal, y encontrándose inscrita la finca a favor del que la compró, durante el litigio, el registrador hace aplicación estricta del artículo 20 de la Ley Hipotecaria, y deniega la inscripción. Y, a nuestro entender, él no puede, por el momento, hacer otra cosa. Si el actor o demandante en el caso en que se hizo la adjudicación quiere hacer firme su derecho, debe acudir al procedimiento del artículo 71 de la Ley Hipotecaria, y pedir la notificación; si el adquirente paga dentro del término legal, nada ha perdido aquel demandante, si no lo hace, su inscripción se cancela, y el obstáculo queda suprimido.

En la opinión en el caso *Díaz Mediavilla* v. *Registrador,* 39 D.P.R. 114, tratándose el mismo artículo 71 de la Ley Hipotecaria, se ha dicho por este tribunal:

"El primer párrafo dispone que los derechos anotados no pueden ser perjudicados por una inscripción posterior. En el presente caso el acreedor ejecutante hizo una anotación de haber instituído el procedimiento sumario. Al hacerlo así, notificó a todo el mundo de su derecho anterior y cualquier persona que tratara de obtener una inscripción posterior lo hacía corriendo el riesgo de que la propiedad se vendiera. Tal comprador o acreedor posterior lo hacía corriendo el riesgo de que la propiedad se vendiera. Tal comprador

o acreedor posterior no era en forma alguna un tercero y estaba en el deber de regirse por el resultado del procedimiento ejecutivo hipotecario. No hay duda alguna en este caso que tanto la venta a Tellado como el embargo fueron inscritos con posterioridad a la fecha en que se instituyó el procedimiento ejecutivo y en que fué anotado en el registro.''

Se consolida así la doctrina legal en que se inspiró el precepto, pero sin quitar de los hombros del demandante que anotó, la carga de la notificación. Y nos inclinamos a decidir que ese deber pasa al adjudicatario extraño, que se subroga en los derechos de aquél de quien adquirió.

*Dada la redacción del artículo 20 de la Ley Hipotecaria, no puede hacerse otra cosa que confirmar la nota denegatoria del registrador; y así se decide.*

El Juez Asociado Señor Hutchison está conforme con el resultado.