José Caballero Medina, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

No. 822.—*Sometido:* Noviembre 3, 1930. *Resuelto:* Julio 13, 1931.

*R. H. Blondet* y *E. Díaz Santana,* abogados del recurrente; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En este caso hay dos peticiones, así como dos negativas. El recurrente solicitó que la mitad de cierto predio de terreno se inscribiera a nombre de José Caballero Medina; que la otra mitad fuera inscrita a nombre de Félix, Felipa y Saturnino Viera Curvelo; que un embargo por la suma de $2,500 fuese inscrito a favor de José Caballero contra Félix, Felipa y Saturnino Viera.

Se denegó la inscripción en una nota que lee así: "Denegada la inscripción solicitada a favor de José Caballero Medina y de la otra mitad a favor de Félix, Felipa y Saturnino Viera Curvelo, de una finca rústica (se describe parcialmente) porque tanto el demandante como los demandados no tienen participación alguna inscrita en dicha finca la cual figura a nombre de Zenón Díaz Varcárcel, y por no ser suficiente título para inscribirla el mandamiento que ha sido presentado, etc.''

El recurrente también apeló de otra negativa y unió la discusión de ambos recursos en un solo alegato. Estrictamente hablando, los recursos debieron haber sido radicados separadamente y obtenerse permiso de este tribunal para consolidarlos o para discutirlos conjuntamente. Sin embargo, la idea del recurrente evidentemente fué que gran parte de la misma documentación podía utilizarse para cada recurso y que esencialmente los dos podían considerarse de consuno, como en realidad pueden serlo.

El segundo recurso demuestra que el registrador se negó a cancelar ciertas inscripciones. El márshal de la Corte de Distrito de San Juan fué el portador de una orden de la corte

en que se decretaba la cancelación de ciertas inscripciones hechas a favor de Félix, Felipa y Saturnino Viera Curvelo. Fué denegado el asiento en la siguiente nota:

"DENEGADA la cancelación ordenada en el precedente mandamiento por los motivos siguientes: porque de cancelarse, como se dispone, la primera inscripción de la finca, habría que cancelar las sucesivas y las anotaciones que de ellas se derivan, según lo tiene resuelto la honorable Corte Suprema en el caso 24 D.P.R. 707, lo que redundaría en grave perjuicio de Zenón Díaz Varcárcel, de Manuela Jubes viuda de López, y de Santos Sanchidrián, terceros que contrataron con quien, según el registro, tenía derecho para ello (art. 34 de la Ley Hipotecaria); porque del asiento que se ordena cancelar, no resulta la causa de nulidad (artículo citado); porque, aunque dichas personas no fueran terceros, que lo son, tampoco podría cancelarse su derecho inscrito o anotado por no haber sido parte ni en el juicio en que se ha decretado la cancelación, ni siquiera habérseles oído como lo disponen los artículos 171 y 172 del Reglamento Hipotecario, encontrándose en igual caso Santos Sanchidrián Jiménez que tiene anotado un embargo a su favor sobre la finca, y porque en el Registro no se anotó en forma alguna el pleito entablado por José Caballero Medina contra los hermanos Viera Curvelo para que sirviera de aviso al tercero y de que su título quedaría sujeto a las consecuencias del litigio (Ochoa vs. Hernand, 230 U. S. 139 y 164, y 40 D.P.R. 527) y por consiguiente, Zenón Díaz Varcárcel, Manuela Jubes viuda de López y Santos Sanchidrián Jiménez podrían presumir el derecho que ante la Corte alegaba el demandante tener en la mitad de la finca en cuestión; y DENEGADO asimismo el embargo ordenado en el precedente mandamiento, porque la finca con su cabida de treinta cuerdas, según el Registro, figura inscrita a nombre de Zenón Díaz Varcárcel, persona distinta de los demandados; etc."

El recurrente arguye que la propiedad fué inscrita a favor de Félix Viera por virtud de un expediente de dominio con el defecto subsanable de no acreditarse el nombre de la persona que se alegaba era su padre; que sólo había dos modos de adquirir bienes por herencia, a saber, por testamento o por declaratoria de herederos en un procedimiento ab intestato; que el defecto subsanable era un aviso a compradores posteriores de un vicio de nulidad, y, por tanto, que no po-

dían ser terceros; que el registrador (refiriéndose al anterior) debió haber exigido el testamento o la declaratoria de herederos, y que entonces hubiera descubierto el alegado fraude posteriormente declarado por la corte inferior, y confirmado por este tribunal.

■ Cualquiera aplicación que pudiese tener el caso de *Anaud* v. *Martínez,* 40 D.P.R. 669, puede que en sentido alguna envolviera un caso en que personas con títulos inscritos jamás fueran incluídas como partes. Naturalmente, los defectos subsanables ponen a un compràdor a efectuar ciertas pesquisas, y si en el curso de esas pesquisas resulta que los defectos eran insubsanables, entonces un comprador o comprador en perspectiva no puede alegar ser tercero.

En este recurso no nos proponemos dirimir entre el recurrente y el registrador acerca de si los adquirentes posteriores eran o no terceros. Sería anticipar una cuestión que propiamente es materia de litigio. En otras palabras, hay una cuestión o cuestiones preliminares.

■ Primero, sin embargo, parece conveniente llamár nuevamente la atención hacia el hecho de que el registro no es ordinariamente el sitio en que pueden decidirse los derechos fundamentales de las partes, especialmente contra personas que tienen títulos inscritos que nunca han estado sujetos a pleito para anularlos.

■ El recurrente dejó de ànotar su pleito en el registro. Otras personas compraron posteriormente e inscribieron sus títulos. Si el defecto subsanable en realidad era o no insubsanable, no importa. Cuando el defecto es subsanable, a diferencia de uno insubsanable, los posteriores adquirentes tienen derecho a inscribir, de acuerdo con la ley, y sujetos a ese defecto.

Habiendo tal inscripción, sus títulos no pueden ser cancelados hasta que se ordene que tal cosa se haga en un pleito en que ellos sean notificados y tengan la oportunidad de de-

fenderse. *Hernández* v. *Ochoa,* 230 U. S. 139; *Torres* v. *Registrador de San Juan, Sección Primera,* 40 D.P.R. 527.

*Deben confirmarse las notas recurridas.*