RETIREMENT SYSTEM OF THE EMPLOYEES OF THE COMMON-
WEALTH OF PUERTO RICO AND ITS INSTRUMENTALITIES, ([1])
recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD, SECCIÓN
QUINTA, LCDA. CARMEN E. TORRES DE MELÉNDEZ, recu-
rrido.

*Número:* O-76-137          *Resuelto:* 4 de mayo de 1976

---

([1]) Por elección inexplicada la recurrente ha vertido al inglés el nombre
de este fideicomiso creado por Ley Núm. 447 de 15 de mayo de 1951 (3
L.P.R.A. sec. 761) que le dio el título de "Sistema de Retiro de los
Empleados del Gobierno de Puerto Rico y sus instrumentalidades", ratifi-
cado por Ley Núm. 24 de 20 de junio de 1972. Leyes de ese año, Ed.
Equity, pág. 436. Su Junta de Síndicos tiene entre otras facultades la de
"demandar . . . con el nombre y título del Sistema de Retiro de los Emplea-
dos del Gobierno Estadual de Puerto Rico y sus Instrumentalidades." 3
L.P.R.A. sec. 776(f).

"Siendo el español el idioma de los puertorriqueños, los procedimientos
judiciales en nuestros tribunales deben seguirse en español. . . ." *Pueblo* v.
*Tribunal Superior,* 92 D.P.R. 596, 606 (1965).

792

*J. M. Calderón García, J. M. Calderón Cerecedo, William J. Rief-kohl* y *Francisco Alonso Rivera,* abogados de la recurrente; la Registradora recurrida compareció por escrito.

El Juez Asociado Señor Díaz Cruz emitió la opinión del Tribunal.

Al tiempo de iniciar la ejecución de hipoteca por la vía ordinaria la recurrente Retirement System of the Employees of the Commonwealth of Puerto Rico and its Instrumentalities presentó el 7 de mayo de 1974 en el Registro de la Propiedad, aviso de pleito pendiente (*lis pendens*) consistente en copia certificada de la demanda según requiere el Art. 91 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 455).([2]) Recayó

---

([2]) Art. 91, Código Enjuiciamiento Civil, Ed. 1933.

"Cuando en una acción que afecte al título o al derecho de posesión de una propiedad inmueble, el demandante al tiempo de presentar la demanda, y el demandado al tiempo de presentar la contestación o en cualquier tiempo después, [pidieren se declare que lo que se reclama es suyo], podrán presentar para su anotación al registrador del distrito en que radicare la propiedad o parte de ella un aviso de la cuestión litigiosa pendiente, el cual contendrá los nombres y apellidos de las partes, el objeto de la demanda o contestación, y la descripción de la propiedad en litigio."

sentencia firme a favor de la demandante el 12 de diciembre de 1974 y celebrada la subasta el 5 de junio de 1975 se le adjudicó la finca urbana por su oferta de $26,205.05 equivalente al principal de la hipoteca.

Mientras se tramitaba el pleito, se anotaron en el Registro de la Propiedad, afectando el inmueble ejecutado, dos embargos originados en acciones en cobro de dinero contra el deudor Rafael E. Díaz Gotay, anotaciones practicadas el 8 de enero y el 17 de junio de 1975. Cuando la acreedora ejecutante presentó al Registro mandamiento judicial ordenando la cancelación de dichos dos embargos como gravámenes posteriores la Registradora denegó la cancelación por no constar que los acreedores posteriores hubieren sido notificados de la subasta pública en ejecución de hipoteca, fundando su nota en los Arts. 71 de la Ley Hipotecaria y 172 de su Reglamento.[3]

El Art. 71 de la Ley Hipotecaria de Ultramar de 1893 (30 L.P.R.A. sec. 120) se ha reducido en España a su primer párrafo (Muñoz Morales, *Derecho Hipotecario*, Tomo 1, pág. 298), trasladando sus demás disposiciones a los Arts. 131 de la Ley española y 225 y ss. de su Reglamento. Morell y Terry prefiere el texto nuestro por "sentar una regla clara y pre-

---

Sólo desde el día de la presentación del aviso para ser anotado se considerará que el comprador o la persona que adquiera un gravamen sobre la propiedad litigiosa, tiene conocimiento, para los efectos legales, de la acción pendiente contra las partes designadas por sus nombres verdaderos." 32 L.P.R.A. sec. 455.

La frase "pidieren se declare que lo que se reclama es suyo" es adición oficiosa por error de traducción. *Manrique de Lara* v. *Registrador*, 23 D.P.R. 864 (1916); *Martínez* v. *Registrador*, 101 D.P.R. 308, 310 (1973).

[3] El Art. 172 del Reglamento Hipotecario (30 L.P.R.A. sec. 1093) que es parte del procedimiento para el cobro del crédito hipotecario, dispone en lo pertinente:

"Estos edictos señalarán el día, hora y sitio del remate, y servirán también para hacer saber la subasta a los acreedores que tengan inscritos o anotados sus derechos sobre los bienes con posterioridad al del ejecutante, y con los cuales no hubiere tenido efecto la notificación que prescribe el párrafo final de la sec. 1092 de este título, debiendo expresarse, al efecto, los nombres de estos interesados, según resulten de la certificación del registro, para que puedan concurrir a la subasta si les conviniere."

cisa." Morell, *Legislación Hipotecaria*, Tomo 3, ed. 2ª (1928), pág. 320. Dice dicho Art. 71:

"Los bienes inmuebles o derechos reales anotados podrán ser enajenados o gravados; pero sin perjuicio del derecho de la persona a cuyo favor se haya hecho la anotación.

Si los bienes inmuebles o derechos reales anotados preventivamente, a tenor de la sec. 91 de este título, números 2° y 3°, fuesen adjudicados al demandante en virtud de sentencia recaída en el pleito, o llegase el caso de anunciarlos en pública subasta, se notificará la adjudicación o el anuncio al que durante el litigio hubiese adquirido tales bienes o derechos.

Dicha notificación deberá practicarse a instancia del actor, dictada que sea la sentencia firme de adjudicación o antes de verificarse el remate en el procedimiento de apremio, debiendo observarse lo que prescriben los artículos 260 al 269 de la Ley de Enjuiciamiento Civil vigente en las Antillas, 244 al 253 de la que rige en Filipinas.

Hecha la notificación a que se refiere el párrafo anterior, podrá el notificado librar los bienes de que se trate, pagando la cantidad consignada en la anotación para principal y costas, sin que se entienda obligado a satisfacer por este último concepto mayor suma que la consignada en la anotación. Si no lo hiciere en el término de diez días, se procederá a cancelar en el registro la inscripción de su dominio, así como cualquiera otra que se hubiera extendido después de la anotación, a cuyo efecto, y a instancia del rematante o del adjudicatario, se despachará el oportuno mandamiento al registrador de la propiedad.

Si la enajenación otorgada e inscrita durante el pleito fuere relativa a finca cuya propiedad se hubiere reclamado en virtud de demanda anotada preventivamente, con arreglo al número 1° de la sec. 91 de este título, será título hábil para que en su virtud se cancele aquella inscripción, un testimonio de la sentencia firme favorable al dominio del demandante.

Las sentencias ejecutorias en que se imponga la pena de interdicción, o se declare la incapacidad para administrar de una persona, o se modifique su aptitud civil en cuanto a la libre disposición de sus bienes, serán documentos bastantes para cancelar las inscripciones de enajenaciones otorgadas durante la tramitación del juicio por el declarado incapaz, siempre que la demanda origen de la providencia hubiere sido anotada preventivamente

en virtud de lo que ordena la sec. 91 de este título en su número 5°."

■ A tenor de este artículo debe notificarse al comprador *pendente lite* o al anotante de un derecho real el hecho de haberse iniciado una acción judicial cuyo eventual desarrollo puede ser el remate y realización del inmueble afectado, de modo que dichos titulares posteriores, además de poder intervenir en la subasta, puedan ejercitar su derecho a satisfacer antes del remate el importe del crédito e intereses y costas devengadas y causadas, en la cuantía en que se hallen asegurados con la hipoteca de la finca, para quedar subrogados en los derechos del actor. Sentencia (España) de 14 de diciembre de 1964. Roca Sastre, *Derecho Hipotecario*, Tomo IV, 2°, Ed. 1968, pág. 1047.

■ Esta notificación no tiene configuración única ni forma sacramental. En Puerto Rico puede hacerse siguiendo las normas generales para notificaciones en las Reglas de Procedimiento Civil (*Ferrer* v. *Registrador*, 44 D.P.R. 277 (1932)); en el ejecutivo sumario se cumple entregándole a los anotantes posteriores copia del requerimiento de pago; Art. 171 del Reglamento Hipotecario; *Henna* v. *Saurí y Subirá*, 22 D.P.R. 836 (1915); *Díaz Mediavilla* v. *Registrador*, 39 D.P.R. 114 (1929); y se puede acudir a la publicidad registral como notificación constructiva en los casos apropiados en que se demande en juicio la propiedad de bienes inmuebles o la constitución, declaración, modificación o extinción de cualquier derecho real solicitando anotación preventiva de demanda (Art. 42, Inciso 1°, Ley Hipotecaria—30 L.P.R.A. sec. 91 (1)); o a la llamada anotación procesal o aviso de demanda bajo el 91 del Enjuiciamiento Civil, si la acción afecta al título o al derecho de posesión de una propiedad inmueble.

■ La recurrente escogió este último medio de notificar el comienzo del pleito. El aviso de pleito pendiente como la anotación preventiva de demanda plantan en el Registro un

claro mensaje y prevención que no puede escapar al titular posterior diligente en la defensa de su derecho. (4) La anotación de su demanda por la recurrente bajo el Art. 91 del Enjuiciamiento advertía y recordaba a los titulares de embargos posteriores de su posible derecho a intervenir en el pleito como cuestión de derecho (Regla 21 de Procedimiento Civil) si pudieren ser afectados por la sentencia o por la disposición del inmueble sujeto al poder de adjudicación del tribunal. El conocimiento presunto del litigio, derivado de la temprana anotación de demanda, tiene el efecto notificador requerido por el Art. 71 de la Ley Hipotecaria. *Dávila* v. *Registrador*, 24 D.P.R. 707, 709 (1917); *Segarra* v. *Vda. de Lloréns*, 99 D.P.R. 60, 69, (1970); *Palmieri* v. *Federal Land Bank*, 59 D.P.R. 4 (1941); *Pueblo* v. *Fajardo Sugar Co.*, 51 D.P.R. 893 (1937); *Bermúdez* v. *Morales*, 42 D.P.R. 426 (1931); *Zalduondo* v. *Iturregui*, 83 D.P.R. 1, 34–35 (1961).

---

(4) Comentando la situación análoga que se da en el procedimiento judicial sumario del Art. 131 de la Ley Hipotecaria de España, dice Roca Sastre:

"El Registrador expedirá esta certificación y hará constar por *nota marginal* al asiento de inscripción de la hipoteca, el hecho de haber librado la misma, así como la existencia del procedimiento judicial sumario correspondiente.

"El alcance de esta nota marginal de incoacción del procedimiento judicial sumario no es sólo el de *informar* a posteriores adquirentes acerca de la existencia del proceso de ejecución, sino el de hacer las veces del trámite de *notificación* o *intimación* a tales adquirentes, ante la advertencia del procedimiento, dispensando de tener que efectuarles singularmente dicha notificación o intimación a los efectos procesales y del tracto sucesivo. Así resulta del art. 226 del Reglamento Hipotecario y lo declara la jurisprudencia. Además, produce el efecto de poder cancelarse los asientos posteriores con la expresión genérica de que habla el artículo 233 del Reglamento." Derecho Hipotecario, IV, 2°, Sexta Edición (1968) pág. 1044.

Y en Puerto Rico, desde el año 1929, se resolvió que la notificación del requerimiento de pago ordenada por el Art. 171 del Reglamento Hipotecario a "las personas interesadas en las responsabilidades que se hubieran inscrito después del derecho del actor" se cumple cuando el acreedor que ejecuta ha anotado aviso de haber instituido y estar pendiente el procedimiento sumario. *Díaz Mediavilla* v. *Reg.*, 39 D.P.R. 114, 117 (1929).

■ Notificados en el ámbito registral los acreedores posteriores por el aviso de demanda, recaía sobre ellos la obligación de mantenerse enterados del curso del litigio, si interesaban defender su derecho. Por haber anotado sus embargos cuando ya había entrado al Registro la anotación de la demandante sobre el comienzo del procedimiento de ejecución, tuvieron el beneficio de debido proceso con oportunidad no ya de acudir a la subasta, sino de intervenir en el pleito hasta para alegar preferencia de sus créditos, si la tuvieren.

Por tener la anotación de demanda pendiente hecha en este caso la virtualidad y efecto de una notificación oportuna de la inminente adjudicación por sentencia y anuncio de subasta, que dejaba enteramente en la diligencia de los acreedores posteriores la protección de su derecho, que no promovieron, sus anotaciones de embargo deben ser canceladas según ordena el mandamiento judicial librado por el Tribunal Superior (San Juan). *Revocada.*